**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Tamika P. DAVIS, Defendant–Appellant.**

**No. 01–1764.**

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 3, 2001.*

Decided Dec. 12, 2001.

Before CUDAHY, COFFEY, and ROVNER, Circuit Judges.

### ORDER

This appeal is successive to *United States v. Davis,* No. 00–1130, 2000 WL 1770663 (7th Cir. Dec.1, 2000) (unpublished), and arises from Davis's challenge to her 121–month sentence for distributing crack, *see* 21 U.S.C. § 841(a)(1). Davis argued on direct appeal that the district court erred in denying a reduction in her offense level based on her role as a minor participant, *see* U.S.S.G. § 3B1.2. This court vacated Davis's sentence and remanded because the district court's explanation for denying the reduction was

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

confusing and suggested that the court assessed Davis's role in the offense under the standard for a minimal, rather than minor, participant reduction. On remand the district court clarified that it intended to deny Davis a minor participant reduction. Davis appeals and we affirm.

On October 8, 1998 a confidential source (CS) working for an Illinois State Police task force in the Champaign, Illinois area called a cell phone belonging to Davis's boyfriend, James Donald. The CS had been introduced to Donald by Davis, at which time Donald had given the CS his cell phone number to arrange drug purchases. Davis answered the CS's call and passed the phone to Donald, who then arranged to meet the CS later that evening for a drug sale. At around 6:30 p.m. the CS approached a vehicle driven by Victor Jones, with Davis in the passenger seat and Donald in the back seat. After the CS entered the car, Donald handed what was subsequently determined to be 25.8 grams of crack to Davis, who then handed the drugs to the CS. The CS then gave Davis $1,000, which she handed over to Donald.

The next week the CS spoke with Davis four times in an attempt to set up another drug transaction. In the first call, Davis informed the CS that Donald was on his way home from Chicago with cocaine. In the second call, Davis informed the CS that Donald would sell him an ounce of crack for $1,000 and front him another half ounce. In the third call, Davis told the CS that Donald was bagging the crack and would have a person named Reggie deliver the crack. In the final call, Davis informed the CS that she was uncertain whether Donald would be able to complete the drug delivery on that day. In fact no drug transaction took place that day.

Nine days later the CS met Davis and Donald at a predetermined location and purchased 38.7 grams of crack. The next day the police executed a search warrant on both the trailer where Davis and Donald lived and a metal shed located on their property. The agents seized a digital scale, plastic baggies, 37.1 grams of cocaine powder, and 16 grams of crack. Davis was in the trailer during the search but she was not taken into custody at that time.

Three days later the police received a tip about a drug transaction that was to take place in a Wal–Mart parking lot in Champaign. Agents staked out the lot and observed a car driven by Jones with Davis and Donald seated inside. Soon thereafter a vehicle driven by Clemith McCray arrived in the parking lot. McCray and Donald entered the Wal–Mart store. When they exited the police questioned them and found 1.2 grams of crack in McCray's pocket. Other agents arrested Davis and Jones, who were still sitting in the car. Davis pleaded guilty to a state charge of unlawful delivery of a controlled substance growing out of this arrest.

In April 1999 Davis and Donald were indicted on two counts of distribution of crack (based on the sales of drugs to the CS) and one count of possession with intent to distribute crack (based on the drugs found in the search of Davis's and Donald's trailer). *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii). In June 1999 Davis voluntarily agreed to an interview with police at which she admitted that she had accompanied Donald on trips to Chicago to buy cocaine from two different sources. Davis stated that the cocaine was then turned into crack by Donald and sold by both of them. Two weeks after the interview, Davis was arrested.

In September 1999 Davis pleaded guilty to one count of distributing crack in exchange for the dismissal of the other two charges and an agreement by the government to recommend a reduction in offense level for acceptance of responsibility. In

the Presentence Investigation Report (PSR), the probation officer attributed a total of 81.7 grams of crack and 37.1 grams of cocaine as relevant conduct, resulting in a base offense level of 32. The PSR recommended a three point reduction for acceptance of responsibility, leading to an offense level of 29, and a criminal history category of IV.

At sentencing the district court adopted the recommendations in the PSR and sentenced Davis to 121 months in prison, at the bottom of the applicable sentencing range. The district court also rejected Davis's argument that she should receive a reduction in her offense level because she was only a minor participant in the drug dealing. See U.S.S.G. § 3B1.2. In denying the minor participant reduction the district court stated, "We're not trying to say she isn't less culpable; but her role certainly ... could not be described as minimal." Because the court's language closely tracked the standard for granting a minor participant reduction set forth in U.S.S.G. § 3B1.2, comment. (n.3) (defining a minor participant as "any participant who is less culpable than most other participants, but whose role could not be described as minimal"), we vacated and remanded Davis's sentence for reconsideration of the minor participant reduction. On remand the district court confirmed that it intended to deny the minor participant reduction. In support of this ruling, the district court found that Davis was a trusted aide who participated significantly in the drug transactions and had knowledge and understanding of the drug distribution network she was involved in.

In this appeal Davis once again argues that the district court erred in denying her a minor participant reduction. Davis reiterates her arguments made to the district court that she was merely the "secretary" in a drug operation controlled by Donald. Davis asserts that she did little more than answer Donald's phone, relay messages between Donald and the CS, and accompany Donald on trips to buy and sell drugs in order to help protect Donald. She notes that it was Donald who purchased the cocaine from his source in Chicago, cooked the cocaine into crack, set the price for the drugs, determined the time and place of delivery, and profited from the drug sales. In support of her argument, Davis cites portions of a transcript from an interview Donald gave police on the evening that the trailer was searched. During that interview, Donald told the police that Davis "don't do nothing" for his drug distribution operation and agreed that Davis's role was "trying to reduce the risk of [Donald] getting caught."

We review the district court's refusal to grant a minor participant reduction for clear error. See United States v. Johnson, 248 F.3d 655, 666 (7th Cir.2001). A defendant has the burden of establishing his minor status by a preponderance of the evidence. See United States v. Hunte, 196 F.3d 687, 693 (7th Cir.1999).

The district court did not clearly err in denying Davis a minor participant reduction. Davis's argument boils down to her contention that she had only a minor role in the offense because she was merely a secretary rather than a leader or director of the drug sales in this case. Davis's portrayal of the facts, however, ignores the important fact that she introduced the CS to Donald. See United States v. Brick, 905 F.2d 1092, 1095 (7th Cir.1990) ("A person who directs a buyer to a seller cannot be considered a minor participant...."). Furthermore, this court has previously noted that a district court does not err in denying a minor participant reduction to a defendant who serves merely as a "trusted secretary" to the director of the criminal activity. See United States v. Kerr, 13 F.3d 203, 206 (7th Cir.1993) ("A boss's trusted secretary through the years is cru-

cial to the enterprise, even where the boss decides everything and gives all the orders. If the enterprise is criminal the secretary is a lesser participant but not a minor one."). The facts show that Davis was at least Donald's trusted secretary and that she had significant knowledge about the drug operation. Davis accompanied Donald on trips to both buy and sell the drugs, screened calls to Donald's cell phone, relayed information from Donald to the CS in an attempt to help set up the drug transactions, and personally handled both the drugs and money in at least one purchase. In light of Davis's actions, the district court did not clearly err in denying her a minor participant reduction.

For the foregoing reasons, we AFFIRM Davis's sentence.